**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENERGIZER BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. _____ |
| CAMELION BATTERY CO. LTD., | ) | |
| CAMELION BATTERY COMPANY, INC., | ) | **JURY TRIAL DEMANDED** |
| CAMELION HOLDINGS (USA), INC., | ) | |
| CAMELION HOLDINGS, LLC, and | ) | |
| BATTERIES AND THINGS INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

Energizer Brands, LLC ("Energizer") states the following for its Complaint against

Camelion Battery Co. Ltd., Camelion Battery Company, Inc., Camelion Holdings (USA), Inc.,

Camelion Holdings, LLC, and Batteries and Things Inc. (collectively, "Camelion"):

**NATURE OF THE ACTION**

1.      This is an action to stop Camelion's brazen infringement of Energizer's trade

dress rights in the distinctive, well-known packaging of its ENERGIZER® batteries, as well as

Camelion's infringement of Energizer's associated copyright and trademark rights.  Energizer,

one of the nation's leading sellers of household batteries, recently learned that Camelion is

offering its batteries in packaging (the "Unlawful Packaging") that, as depicted below, is

substantially and confusingly similar to the corresponding ENERGIZER® trade dress:

 

 

2.       To stop Camelion from trading on the goodwill associated with the

ENERGIZER® trademark and trade dress, Energizer brings this action for trademark and trade

dress infringement and unfair competition in violation of the federal Trademark Act of 1946, 15

U.S.C. §§ 1051 *et seq.* (the "Lanham Act"); copyright infringement in violation of the Copyright

Act of 1976, 17 U.S.C. §§ 101 *et seq.*; trademark and trade dress infringement and unfair

competition in violation of Illinois common law; violation of the Illinois Uniform Deceptive

Trade Practices Act, 815 ILCS 510/1 to 510/7; and violation of the Illinois Consumer Fraud and

Deceptive Business Practices Act, 815 ILCS 505/2. Energizer seeks a permanent injunction

against Camelion's use of any packaging confusingly similar to the ENERGIZER® trade dress

or incorporating elements confusingly or substantially similar to Energizer's associated

trademarks or copyrighted designs. Energizer also seeks to recover damages resulting from

Camelion's commercial activities, an accounting of Camelion's profits from such commercial

activities, Energizer's attorneys' fees and costs, and punitive damages.

**THE PARTIES**

3.　　Plaintiff Energizer Brands, LLC is a Delaware limited liability company with a principal place of business at 533 Maryville University Drive, St. Louis, Missouri, 63141.

4.　　Defendant Camelion Battery Co. Ltd is a Chinese limited liability company with a principal place of business at Unit 705, Cyber Times Tower A, Tianan Cyber Park, Shenzhen, China 518041.

5.　　Defendant Camelion Battery Co. Inc. is a Florida corporation with a principal place of business at 5000 S.W. 75th Avenue, Suite 116, Miami, Florida 33155.

6.　　Defendant Camelion Holdings (USA), Inc. is a Florida corporation with a principal place of business at 5000 S.W. 75th Avenue, Suite 116, Miami, Florida 33155.

7.　　Camelion Holdings, LLC is a Florida limited liability company with a principal place of business at 5000 S.W. 75th Avenue, Suite 116, Miami, Florida 33155.

8.　　Defendant Batteries and Things, Inc. is an Illinois corporation with a principal place of business at 365 24th Street, LaSalle, Illinois, 61301.

**JURISDICTION AND VENUE**

9.　　This Court has subject-matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.　This Court has supplemental jurisdiction over Energizer's related state law claims pursuant to 28 U.S.C. §§ 1332, 1338 and 1367.

10.　　This Court has personal jurisdiction over Defendants Camelion Battery Co. Ltd., Camelion Battery Company, Inc., Camelion Holdings, (USA), Inc., and Camelion Holdings, LLC, because they are doing business in this District, have committed tortious acts in this District, have directed infringing conduct into this District, have entered into contracts in this District, and have otherwise established jurisdictionally sufficient contacts within this District.

11.     This Court has personal jurisdiction over Defendant Batteries and Things, Inc. because it is incorporated in this State and has a principal place of business here.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Energizer's claims occurred in this judicial district.

13.     This Court has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

<u>**FACTS COMMON TO ALL CLAIMS**</u>

A.     **The ENERGIZER® Trade Dress, Trademarks, and Copyrights**

14.     Since at least 1955, Energizer[1] has manufactured, distributed, and sold a wide variety of products in interstate commerce, including batteries, under various trademarks consisting of or incorporating the designation ENERGIZER.

15.     ENERGIZER® batteries are presented in original and distinctive packaging that communicates to consumers that ENERGIZER® batteries are a unique product, different from other batteries on the market, examples of which are depicted below:

  

16.     The ENERGIZER® packaging combines the following elements – from top to bottom – in its unique and distinctive trade dress: (1) a primarily black heading section with white lettering; (2) curved lines below the black heading that flow into; (3) a primary color (that,

---

[1] "Energizer" refers to Plaintiff Energizer Brands, LLC and its predecessors-in-interest.

depending on the product, is red, green or blue) that flow into; (4) a primarily gray section toward the bottom of the package; (5) with batteries themselves exposed through a plastic casing revealing that the batteries' color scheme corresponds with the packaging color scheme. Collectively, these elements of ENERGIZER® batteries' packaging are referred to as the "ENERGIZER Trade Dress."

17.    The ENERGIZER Trade Dress is distinctive, inherently and/or by having acquired distinctiveness, and is not functional.

18.    As part of the ENERGIZER Trade Dress, Energizer uses the "beam" design depicted below:



19.    Energizer owns and maintains registrations for the beam design, both alone and with the ENERGIZER word mark (collectively, the "Beam Trademarks") on the Principal Register of the United States Patent and Trademark Office (the "USPTO"), together with all right, title, and interest in the marks shown therein, and all of the business and goodwill represented thereby (collectively, the "Beam Trademark Registrations"):

| Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| *Energizer* | 4280047 | January 22, 2013 | Batteries and battery chargers |

| Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
|  | 4251701 | November 27, 2012 | Batteries and battery chargers |

Copies of U.S. Certificates of Registration for the Beam Trademark Registrations are attached collectively as **Exhibit 1**.

20. Energizer also has registered original artistic work relating to the beam design appearing in the ENERGIZER Trade Dress (the "Beam Designs") with the U.S. Copyright Office (collectively, the "Beam Copyright Registrations"), including those shown below:

| Design | Title | Reg. No. | Reg. Date |
|---|---|---|---|
|  | Energy Beam Yellow Card | VA 1-736-017 | August 9, 2010 |
|  | Energy Beam Green Card | VA 1-736-020 | August 9, 2010 |
|  | Energy Beam Green | VA 1-729-611 | July 29, 2010 |
|  | Energy Beam Yellow | VA 1-729-614 | July 29, 2010 |
|  | Energy Beam Blue Card | VA 1-736-012 | August 9, 2010 |

| Design | Title | Reg. No. | Reg. Date |
|---|---|---|---|
|  | Energy Beam Blue | VA 1-729-613 | July 29, 2010 |
|  | Energy Beam Red/Yellow | VA 1-729-610 | July 29, 2010 |
|  | Energy Beam Red Card | VA 1-736-014 | August 9, 2010 |
|  | Energy Beam Blk/White | VA 1-729-615 | July 29, 2010 |

Copies of the Beam Copyright Registrations are attached collectively as **Exhibit 2**.

21. Since at least 2010, Energizer continuously has marketed and sold ENERGIZER® batteries under the ENERGIZER Trade Dress.

22. Energizer has devoted enormous resources to the marketing, advertising, and promotion of batteries sold under the ENERGIZER Trade Dress. During the last five years alone, Energizer has spent more than $300 million promoting ENERGIZER products in the United States, and the vast majority of that advertising, marketing, and promotional material relates to batteries sold under the ENERGIZER Trade Dress. That investment has resulted in the sale of more than 4 billion units of ENERGIZER batteries over the last five years, the vast

7

majority of which have been sold under the ENERGIZER Trade Dress.

23.     As a result of Energizer's long and continuous use of the ENERGIZER Trade

Dress in connection with its products, and as a consequence of Energizer's extensive advertising,

promotion, distribution, and sale of products under its ENERGIZER Trade Dress, the consuming

public has come to recognize the ENERGIZER Trade Dress as used by Energizer, and to

associate and identify the goods and services offered and sold under the ENERGIZER Trade

Dress exclusively with Energizer. Energizer consequently derives an invaluable goodwill from

this recognition, association, and identification by the consuming public and the trade.

24.     Because of the high degree of inherent and acquired distinctiveness of the

ENERGIZER Trade Dress, the length of time and extent to which Energizer has used the

ENERGIZER Trade Dress, the vast advertising and publicity of which the ENERGIZER Trade

Dress has been the subject, the substantial trading area in which the ENERGIZER Trade Dress

has been and is used, and the high degree of consumer recognition of the ENERGIZER Trade

Dress, the ENERGIZER Trade Dress was a well-known and famous trade dress widely

recognized by the general consuming public of the United States as a designation of source of

Energizer's goods and deserving of a broad scope of legal protection prior to Camelion's use of

the Unlawful Packaging.

**B.      Camelion's Unlawful Packaging**

25.     Upon information and belief, Defendants Camelion Battery Ltd. Co., Camelion

Battery Company, Inc., Camelion Holdings (USA), Inc., and Camelion Holdings, LLC have sold

batteries in the United States since 2004, in partnership with Defendant Batteries and Things,

Inc.

26.     On information and belief, Camelion had access to the Beam Designs, which

appear on ENERGIZER batteries that are widely advertised and sold online and in stores throughout the country.

27.     Camelion is selling or offering for sale batteries in the Unlawful Packaging, which contains elements substantially similar to the Beam Designs and confusingly similar to the Beam Trademarks, through its website at www.camelionbattery.com and at retail outlets, including for example at a retail store in New Jersey:

 

28.     Camelion's use of the Unlawful Packaging has been and continues to be without authorization or permission from Energizer.

29.     Camelion's use of the Unlawful Packaging is likely to deceive, confuse, and mislead consumers into believing that Camelion's batteries sold in the Unlawful Packaging are made, sponsored, endorsed, or in some other manner authorized by Energizer, which they are not. This is especially damaging with respect to those persons who perceive a defect or lack of quality in Camelion's batteries sold in the Unlawful Packaging.  The likelihood of confusion, mistake, and deception engendered by Camelion's use of the Unlawful Packaging is causing irreparable harm to the goodwill symbolized by the ENERGIZER Trade Dress and the reputation for quality that it embodies.

30.     Upon information and belief, Camelion knowingly, willfully, intentionally, and maliciously made and continues to use the Unlawful Packaging to exploit the commercial magnetism of the ENERGIZER Trade Dress and falsely suggest Camelion's products are made,

sponsored, or endorsed by Energizer.

31.     Upon information and belief, Camelion has otherwise attempted to mislead consumers into believing that its batteries are manufactured by or otherwise associated with Energizer.  For example, a search on Amazon.com for "Energizer 1.5v AG3" returns a result for Camelion's product above any Energizer results:



A true and correct copy of a print-out from Amazon.com showing the above search results is attached as **Exhibit 3**.

32.     Camelion's actions are causing irreparable harm to Energizer and the public, and will continue to injure Energizer and the public unless enjoined by the Court. Camelion's

wrongful acts will harm the goodwill associated with the ENERGIZER Trade Dress, and result in injury that cannot readily be quantified or recaptured. Accordingly, Energizer and the public have a strong interest in stopping Camelion's conduct.

## FIRST CLAIM FOR RELIEF
### (Federal Trade Dress Infringement under 15 U.S.C. § 1125(a))

33.     Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

34.     Camelion's unauthorized use in commerce of the Unlawful Packaging is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Camelion's products. The trade and consuming public are likely to believe Camelion's products originate from Energizer or from the same source as products sold under the ENERGIZER Trade Dress, or that there is some connection between the makers of ENERGIZER products, on the one hand, and Camelion, on the other, when such is not the case.

35.     Camelion has infringed, and is infringing, the ENERGIZER Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     As a direct and proximate result of Camelion's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

37.     Camelion's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Camelion's profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement under 15 U.S.C. § 1114

38.     Energizer repeats and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

39.     Camelion's unauthorized use in commerce of the Beam Trademarks is likely to

cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source,

origin or sponsorship of Camelion's products.  The trade and consuming public are likely to

believe Camelion's products originate from Energizer or from the same source as products sold

under the Beam Trademarks, or that there is some connection between the makers of

ENERGIZER products, on the one hand, and Camelion, on the other, when such is not the case.

40.     Camelion has infringed, and is infringing, the Beam Trademarks in violation of

Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41.     As a direct and proximate result of Camelion's unlawful conduct, Energizer has

suffered, and will continue to suffer unless and until such activity is enjoined by this Court,

irreparable damage and inherently unquantifiable injury and harm to its business, reputation and

customer goodwill.

42.     Camelion's conduct is causing, and is likely to continue to cause, injury to the

public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's

actual damages and/or an award of Camelion's profits, costs, and reasonable attorneys' fees

under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled

pursuant to 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**
**(Federal Unfair Competition, False Representation, and**
**False Designation of Origin under 15 U.S.C. § 1125(a))**

43.     Energizer repeats and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

44.     Camelion's unauthorized use in commerce of the Unlawful Packaging is likely to

cause confusion, to cause mistake, or to deceive the public as to the origin, source, sponsorship,

approval or affiliation of Camelion's products.  Such conduct therefore constitutes unfair

competition, false representation, and a false designation of origin, all in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     As a direct and proximate result of Camelion's unlawful conduct, Energizer has

suffered, and will continue to suffer unless and until such activity is enjoined by this Court,

irreparable damage and inherently unquantifiable injury and harm to its business, reputation and

customer goodwill.

46.     Camelion's conduct is causing, and is likely to continue to cause, injury to the

public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's

actual damages and/or an award of Camelion's profits, costs and reasonable attorneys' fees under

15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled

pursuant to 15 U.S.C. § 1117(a).

**FOURTH CLAIM FOR RELIEF**
**(Copyright Infringement under 17 U.S.C. § 101 *et seq.*)**

47.     Energizer repeats and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

48.     Energizer owns valid, enforceable copyrights for the Beam Designs, which are the

subject of the Beam Copyright Registrations.

49.     Camelion is infringing the Energizer's copyrighted Beam Designs by making

unauthorized use of the Beam Designs or substantially similar designs.

50.     Camelion's activities are in violation of 17 U.S.C. § 101 *et seq.*

51.     Camelion's actions have been willful, knowing, and intentional.

52.     Energizer has been damaged by Camelion's activities and will continue to sustain

irreparable harm, for which there is no adequate remedy at law, unless Camelion's infringing

actions are enjoined.

53.     Pursuant to Sections 504(b) and 504(c) of the Copyright Act, 17 U.S.C. § 504(b)-

(c), Energizer is entitled to recover from Camelion the damages it has sustained and will sustain

and any profits obtained by Camelion as a result of or attributable to the infringement, or at

Energizer's election, statutory damages of up to $150,000 per work infringed.

54.     In accordance with Section 505 of the Copyright Act, 17 U.S.C. § 505, Energizer

also is entitled to recover its costs of litigation, including attorneys' fees.

## <u>FIFTH CLAIM FOR RELIEF</u>
### (Trademark and Trade Dress Infringement under Illinois Common Law)

55.     Energizer repeats and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

56.     Energizer owns all rights, title, and interests in and to the ENERGIZER Trade

Dress and the Beam Trademarks, including all common-law rights.

57.     Camelion's conduct is likely to cause confusion, mistake, and deception among

consumers, the public and the trade as to whether Camelion's products originate from, or are

affiliated with, sponsored by, or endorsed by Energizer.

58.     Camelion's conduct constitutes trade dress and trademark infringement in

violation of Illinois common law.

59.     As a direct and proximate result of Camelion's unlawful conduct, Energizer has

suffered, and will continue to suffer unless and until such activity is enjoined by this Court,

irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and

customer goodwill.

60.     Camelion's conduct is causing, and is likely to continue to cause, injury to the

public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's

actual damages and/or an award of Camelion's profits, costs, and reasonable attorneys' fees.

61.     Camelion's wrongful conduct was willful and deliberate or recklessly indifferent

to the rights of Energizer, warranting the assessment of punitive damages.

**SIXTH CLAIM FOR RELIEF**
**(Unfair Competition under Illinois Common Law)**

62.     Energizer repeats and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

63.     Camelion's conduct is likely to cause confusion, mistake, and deception among

consumers, the public and the trade as to whether Camelion's products originate from, or are

affiliated with, sponsored by, or endorsed by Energizer.

64.     Camelion's conduct constitutes unfair competition in violation of Illinois common

law.

65.     As a direct and proximate result of Camelion's unlawful conduct, Energizer has

suffered, and will continue to suffer unless and until such activity is enjoined by this Court,

irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and

customer goodwill.

66.     Camelion's conduct is causing, and is likely to continue to cause, injury to the

15

public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Camelion's profits, costs, and reasonable attorneys' fees.

67.    Camelion's wrongful conduct was willful and deliberate or recklessly indifferent to the rights of Energizer, warranting the assessment of punitive damages.

## SEVENTH CLAIM FOR RELIEF
### (Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*)

68.    Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

69.    By reason of the acts set forth above, Camelion has been and is engaged in deceptive acts or practices in the conduct of a business, trade, or commerce in violation of Illinois statute 815 ILCS 510/1 to 510/7.

70.    The public is likely to be damaged as a result of Camelion's deceptive trade practices or acts.

71.    Camelion's willful conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's costs and reasonable attorneys' fees.

## EIGHTH CLAIM FOR RELIEF
### (Violation of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*)

72.    Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

73.    By reason of the acts set forth above, Camelion has been and is engaged in deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.  Camelion's use of deceptively and confusingly similar

imitations of the ENERGIZER Trade Dress as described above constitutes unfair methods of competition and unfair and deceptive acts and practices, including but not limited to the use and employment of deception, fraud, false pretense, false promise, misrepresentation and concealment, suppression and omission of material facts, with the intent that others rely upon the concealment, suppression and omission of such material facts in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

74.     Camelion's use of confusingly and deceptively similar imitations of the ENERGIZER Trade Dress is willful and intentional, with the intention of deceiving the public as to the source of Camelion's goods and services.

75.     Camelion's use of confusingly and deceptively similar imitations of the ENERGIZER Trade Dress has caused, and will continue to cause, great, immediate, and irreparable harm to Energizer's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages and Energizer has no adequate remedy at law for this injury.

76.     As a result of Camelion's acts, Camelion has been unjustly enriched and Energizer has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Energizer is entitled to injunctive relief and an accounting of Camelion's profits, damages, costs, and reasonable attorneys' fees.


**WHEREFORE,** Energizer prays the Court as follows:

A.      That the Court permanently restrain and enjoin Camelion, and its agents, servants, employees, and other persons in active concert or participation with Camelion, from any and all further unauthorized use of the Unlawful Packaging, and any other colorable imitation of the ENERGIZER Trade Dress or either of the Beam Trademarks, as a trade dress, trademark, or

other attention-getting device or triggering mechanism, including the recall and destruction of all products in the Unlawful Packaging or any other colorable imitation of the ENERGIZER Trade Dress or bearing a colorable imitation of the Beam Trademarks, or other packaging, advertising, and promotional materials depicting the Unlawful Packaging or any other colorable imitation of the ENERGIZER Trade Dress or the Beam Trademarks;

B.     That the Court permanently restrain and enjoin Camelion, and its agents, servants, employees, and other persons in active concert or participation with Camelion, from any and all further use of the Beam Designs or any substantially similar logos, images, or other works;

C.     That Energizer be awarded all damages caused by the acts forming the basis of this Complaint in accordance with 15 U.S.C. § 1117, 17 U.S.C. § 101 *et seq.*, and other applicable laws;

D.     That Energizer recover from Camelion all amounts, including profits, received by Camelion as a direct and proximate result of Camelion's unlawful conduct;

E.     That the Court treble damages or profits to which Energizer is entitled pursuant to 15 U.S.C. § 1117;

F.     That Energizer recover from Camelion punitive damages, based on Camelion's intentional, willful and wanton conduct and/or reckless indifference to Energizer's trademark rights;

G.     That the costs of this action be taxed against Camelion;

H.     That Camelion pay Energizer's reasonable attorneys' fees, based on Camelion's willful and deliberate conduct in this exceptional case;

I.     That Energizer be awarded prejudgment interest;

J.     That Energizer be awarded post-judgment interest;

18

K.      That Energizer have and receive a trial by jury on all issues so triable; and

L.      That the Court grant Energizer such other and further relief, both general and

specific, as the Court may deem just and proper.


Respectfully submitted, this 15th day of April, 2016.


                                          /s/ Jason B. Elster
                                         Jason B. Elster (IL 6289434)
                                         **GREENBERG TRAURIG, LLP**
                                         77 West Wacker Drive, Suite 3100
                                         Chicago, Illinois 60601
                                         (312) 456-8400 (telephone)
                                         (312) 456-8435 (facsimile)
                                         elsterj@gtlaw.com

                                         *Attorneys for Plaintiff*


Of Counsel:

**KILPATRICK TOWNSEND & STOCKTON LLP**

William H. Brewster
R. Charles Henn Jr.
Jessica A. Pratt
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309
(404) 815-6000 (telephone)
(404) 815-6500 (facsimile)
bbrewster@ktslaw.com
chenn@ktslaw.com
japratt@ktslaw.com

*Attorneys for Plaintiff*
*Pro Hac Vice applications forthcoming*