**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENERGIZER BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:16-cv-04368-MSH |
| CAMELION BATTERY CO. LTD., | ) | |
| CAMELION BATTERY COMPANY, INC., | ) | |
| CAMELION HOLDINGS (USA), INC., | ) | **JURY TRIAL DEMANDED** |
| CAMELION HOLDINGS, LLC, and | ) | |
| BATTERIES AND THINGS INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

**GREENBERG TRAURIG, LLP**

Felicia Valerie Manno
Abigail A. Clapp
Jason B. Elster
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
(312) 456-8400 (telephone)
(312) 456-8435 (facsimile)
mannof@gtlaw.com
clappa@gtlaw.com
elsterj@gtlaw.com

**KILPATRICK TOWNSEND &
STOCKTON LLP**

William H. Brewster (*pro hac vice*)
R. Charles Henn Jr. (*pro hac vice*)
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309
(404) 815-6000 (telephone)
(404) 815-6500 (facsimile)
bbrewster@ktslaw.com
chenn@ktslaw.com

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................ 1

II.     FACTUAL BACKGROUND ..................................................... 2

III.    Legal Standard ......................................................................... 3

IV.     The Court Should Grant Summary Judgment to Energizer on its Trade
        Dress AND Trademark INFRINGEMENT Claims. ..................... 5

        A.      The ENERGIZER Trade Dress and Beam Trademarks are
                Protectable. ................................................................... 5

                1.      The ENERGIZER Trade Dress is Protectable. ........................ 5

                2.      The ENERGIZER Beam Trademarks Are Protectable. ............ 6

        B.      Defendants' Packaging Is Likely to Cause Confusion
                Constituting Trade Dress Infringement and Trademark
                Infringement. ................................................................. 7

                1.      The Parties' Trade Dresses and Trademarks are
                        Similar. ........................................................... 8

                2.      The Parties Both Sell Batteries. .................................. 9

                3.      The Area and Concurrent Use of the Parties' Trade
                        Dress Overlaps. ..................................................... 9

                4.      Consumers are Likely to Exercise a Low Degree of
                        Care. ................................................................. 9

                5.      Energizer's Trade Dress is Strong. ..............................10

                6.      Actual Confusion is Not Required. ..............................10

                7.      Defendants' Intent is Admitted. ................................10

i

8.      Based on the Relevant Factors, Confusion is Likely. ..............11

V.    The Court Should Grant Summary Judgment TO Energizer on its Copyright Infringement Claim. ...................................................................11

VI.   The Court should grant injunctive relief to Energizer, and award Copyright Act statutory damages and Energizer's reasonable attorneys' fees and costs. ...........................................................................12

    A.    Injunctive Relief is Expressly Authorized and Warranted. ...............12

    B.    Statutory Damages under the Copyright Act are Expressly Authorized and Warranted. .................................................................14

    C.    Attorneys' Fees and Costs are Expressly Authorized and Warranted. ........................................................................................14

VII.  CONCLUSION ........................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Am. Nat'l Ins. Co. v. Am. Nat'l Inv. Advisors, LLC*,
    No. 11-CV-4016, 2014 WL 6613342 (N.D. Ill. Nov. 21, 2014) ...............................................13

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986).................................................................................................................3

*Badger Meter, Inc. v. Grinnell Corp.*,
    13 F.3d 1145 (7th Cir. 1994) ...............................................................................................5, 7

*BASF Corp. v. Old World Trading Co.*,
    41 F.3d 1081 (7th Cir. 1994) ................................................................................................15

*CAE, Inc. v. Clean Air Eng'g, Inc.*,
    267 F.3d 660 (7th Cir. 2001) ..................................................................................... 5, 7, 9, 10

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).................................................................................................................3

*Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T., Inc.*,
    169 F.R.D. 336 (N.D. Ill. 1996) .............................................................................................4

*Coach, Inc. v. Diva's House of Style*,
    No. 3:11-CV-253, 2012 WL 6049722 (N.D. Ind. Dec. 5, 2012) .....................................*passim*

*Computer Care v. Service Sys. Enters., Inc.*,
    982 F.2d 1063 (7th Cir. 1992) ...........................................................................................8, 10

*Fabriko Acquisition Corp. v. Prokos*,
    No. 05 C 0644, 2006 WL 2792861 (E.D. Wis. Sept. 28, 2006), *aff'd*, 536 F.3d 605
    (7th Cir. 2008) ........................................................................................................................3

*Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*,
    575 F.3d 693 (7th Cir. 2009)....................................................................................................4

*Howw Mfg., Inc. v. Formac, Inc.*,
    78-C-5047, 1981 WL 48200 (N.D. Ill. Jul. 13, 1981) .............................................................8

*JCW Invs., Inc. v. Novelty, Inc.*,
    482 F.3d 910 (7th Cir. 2007) ................................................................................................12

*KJ Korea, Inc. v. Health Korea, Inc.*,
    66 F. Supp. 3d 1005 (N.D. Ill. 2014)......................................................................................6

*Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*,
    735 F.3d 735 (7th Cir. 2013) ................................................................... 9, 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................... 3

*McRoberts Software, Inc. v. Media 100, Inc.*,
    329 F.3d 557 (7th Cir. 2003) ................................................................... 15

*NuPulse, Inc. v. Schlueter Co.*,
    853 F.2d 545 (7th Cir. 1988) ................................................................... 15

*PHE, Inc. v. Does 1-122*,
    No. 13-CV-786, 2014 WL 1856755 (N.D. Ill. May 7, 2014) ................... 14

*Roulo v. Russ Berrie & Co.*,
    886 F.2d 931 (7th Cir. 1989) ............................................................ 8, 10, 11

*Ryan Beck & Co. v. Campbell*,
    No. 02 C 7016, 2003 WL 22282380 (N.D. Ill. Oct. 2, 2003) ................... 13

*Storck USA, L.P. v. Farley Candy Co., Inc.*,
    797 F. Supp. 1399 (N.D. Ill. 1992) ......................................................... 10

*Tony Jones Apparel, Inc. v. Indigo USA LLC*,
    No. 03 C 0280, 2005 WL 1667789 (N.D. Ill. July 11, 2005) ................... 15

*United States v. Kasuboski*,
    834 F.2d 1345 (7th Cir. 1987) ........................................................... 1, 3, 4

*Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*,
    18 F.3d 502 (7th Cir. 1994) ................................................................. 11, 12

## **Rules**

Fed. R. Civ. P. 36 ...................................................................................... 3, 4

Fed. R. Civ. P. 36(a) ...................................................................................... 3

Fed. R. Civ. P. 36(a)(3)-(b) ........................................................................ 1, 3

Fed. R. Civ. P. 36(b) ...................................................................................... 3

Fed. R. Civ. P. 56 ............................................................................................ 4

Fed. R. Civ. P. 56(e) ...................................................................................... 3

**<u>Statutes</u>**

15 U.S.C. § 1116.................................................................................................................12

15 U.S.C. § 1117(a)...........................................................................................................15

17 U.S.C. § 504(a).............................................................................................................14

17 U.S.C. § 504(c)(1).........................................................................................................14

## I.   <u>INTRODUCTION</u>

Plaintiff Energizer Brands, LLC sued Defendants because they sell batteries in packaging that blatantly infringes Energizer's trademarks, trade dress, and copyrighted artwork:

  

Despite the seriousness of Energizer's allegations, Defendants failed to demonstrate any seriousness of purpose or sense of urgency in response. Nearly *one year* into the litigation, Defendants have failed to respond to a single document request, interrogatory, or request for admission, despite (1) having represented to this Court that they would, ECF 30, and (2) repeated attempts by Energizer's counsel to obtain the long-overdue discovery.

Defendants' failure to respond to the Requests for Admission results in an automatic admission of the requested matters, which are now "conclusively established." Fed. R. Civ. P. 36(a)(3)-(b); *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). Thus, Defendants have admitted all of the facts required to prove Energizer's claims:

(1) Defendants admit that Energizer owns protectable trade dress (the "ENERGIZER Trade Dress"), trademarks (the "Beam Trademarks"), and copyrights (the "Beam Designs"). *See* Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue ("SMF"), ¶¶ 10-15; 21-25; 26-43.

(2) Defendants admit that they have infringed Energizer's trade dress, trademarks, and copyrights. *Id.*, ¶¶ 50, 51, 65.

1

(3) Defendants' admissions concerning willful conduct establish that Energizer is entitled to injunctive relief, statutory damages under the Copyright Act, and reasonable attorneys' fees. *See id.*, ¶¶ 56, 57, 69.

Because each of these matters is "conclusively established," no genuine dispute exists as to any material fact, and Energizer is entitled to summary judgment on each of its federal, state, and common law claims.

## II.  FACTUAL BACKGROUND

As the Court is well aware, Defendants have not cooperated in discovery. Declaration of Harris W. Henderson ("Henderson Decl."), ¶ 2. At every turn, Defendants have either proffered excuses or simply ignored Energizer's requests, and this Court's orders, altogether. *Id.*, ¶ 3.

Defendants' lack of cooperation was first brought to this Court's attention in Defendants' Motion to Modify Discovery Schedule (ECF 31), in response to which Energizer detailed Defendants' failure to respond to Energizer's interrogatories and document requests, and the ongoing refusal to address or even discuss those failings. ECF 32. As a result, the Court held that Defendants waived any objections to the written discovery (served between August and November), and ordered them to respond as soon as possible. *See* ECF 33. Despite that order, Defendants have not responded to ***any*** discovery requests. Henderson Decl., ¶ 8. Energizer's counsel sent an email shortly after the status hearing requesting a timeline for Defendants' responses, and received no response. *Id.*, ¶ 9.

Prior to the January 4, 2017, status conference, Energizer served Requests for Admissions, and Defendants' responses were due on January 17, 2017. *Id.*, ¶ 10. Defendants failed to respond and never sought any extension for their response deadline. *Id.*, ¶ 11.  By Rule,

the matters are admitted and "conclusively established." Fed. R. Civ. P. 36(a)(3)-(b).

III. **LEGAL STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-moving party bears the burden of demonstrating the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Defendants cannot rest on mere allegations or denials of the pleadings, but must present specific facts showing a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Defendants "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and the moving party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986) (citation omitted).

By failing to timely respond, Defendants are deemed to have admitted Energizer's Requests for Admissions. Fed. R. Civ. P. 36; *Kasuboski*, 834 F.2d at 1349 ("Rule 36(a) of the Federal Rules of Civil Procedure clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted."); *Fabriko Acquisition Corp. v. Prokos*, No. 05 C 0644, 2006 WL 2792861, at *2 (E.D. Wis. Sept. 28, 2006), *aff'd*, 536 F.3d 605 (7th Cir. 2008). "Rule 36(b) provides that a matter admitted is conclusively established." *Kasuboski*, 834 F.2d at 1350.

"Admissions made under Rule 36, even default admissions, can serve as the factual

predicate for summary judgment." *Id.* In *Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 696 (7th Cir. 2009), for example, Judge Posner affirmed the grant of summary judgment in favor of the plaintiff as to its trademark infringement claim explaining that, "with the [default] admissions thus a part of the evidentiary record, the grant of summary judgment in favor of the plaintiff was inevitable." In fact, the Seventh Circuit has made clear that any attempt to undo the effect of default admissions by purporting to refute those established facts in response to a summary judgment motion must fail. *Kasuboski*, 834 F.2d at 1350. "Rule 36 allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. This function would be lost if parties were permitted to contest under Rule 56 a matter concluded under Rule 36." *Id*; *see also Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T., Inc.*, 169 F.R.D. 336, 341 (N.D. Ill. 1996) ("Allowing Defendants to even raise issues of fact from affidavits and depositions supporting their response to summary judgment would allow Rule 56 to swallow Rule 36.").

In short, default admissions can form the factual predicate for granting summary judgment where, as a result of the admissions, "[t]he undisputed evidence . . . is so one sided, that there can be no doubt about how the question should be answered." *Coach, Inc. v. Diva's House of Style*, No. 3:11-CV-253, 2012 WL 6049722, at *10 (N.D. Ind. Dec. 5, 2012) (granting summary judgment on trademark claims based on default admissions); *see also Gabbanelli*, 575 F.3d at 696 (affirming summary judgment on trademark infringement liability based on default admissions); *Kasuboski*, 834 F.2d at 1350 (affirming summary judgment based on default admissions); *Chicago Dist. Council*, 169 F.R.D. at 341 (granting summary judgment based on default admissions).

## IV. THE COURT SHOULD GRANT SUMMARY JUDGMENT TO ENERGIZER ON ITS TRADE DRESS AND TRADEMARK INFRINGEMENT CLAIMS.

To succeed on a trade dress infringement claim under Section 43(a) of the Lanham Act or a trademark infringement claim under Section 32, a plaintiff must establish two elements: (1) plaintiff's trade dress or trademark is protectable; and (2) defendant's use of a trade dress or trademark is likely to cause consumer confusion. *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1151 (7th Cir. 1994) (trade dress); *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 674 (7th Cir. 2001) (trademark).[1] Based on Defendants' admissions, both elements are undisputed with regard to Energizer's trade dress and trademark infringement claims.

### A. The ENERGIZER Trade Dress and Beam Trademarks are Protectable.

#### 1. The ENERGIZER Trade Dress is Protectable.

The ENERGIZER Trade Dress is protectable because Energizer has established that its "trade dress is inherently distinctive or that it has acquired a secondary meaning." *See Badger Meter,* 13 F.3d at 1151. Specifically, Defendants have admitted that "Energizer® batteries are presented in original and distinctive packaging that communicates to consumers that ENERGIZER® batteries are a unique product, different from other batteries on the market":

  

---

[1] The legal standard is the same for claims under the federal Lanham Act as well as Illinois common law, the Illinois Uniform Deceptive Trade Practices Act, and the Consumer Fraud and

SMF, ¶ 10. Defendants further admitted that Energizer's "unique and distinctive trade dress" is comprised of the following elements "from top to bottom": (1) a primarily black heading section with white lettering; (2) curved lines below the black heading that flow into; (3) a primary color (that, depending on the product, is red, green, or blue) that flow into; (4) a primarily gray section toward the bottom of the package; (5) with batteries themselves exposed through a plastic casing revealing that the batteries' color scheme corresponds with the packaging color scheme. *Id.*, ¶ 12. Further, "Energizer owns all right, title, and interests in and to the Energizer Trade Dress including all common-law rights," and has continuously marketed and sold batteries under the trade dress since at least 2010. *Id.*, 11.

It is undisputed that over the past five years Energizer has sold 4 billion units of ENERGIZER batteries—the vast majority of which have been sold under the ENERGIZER Trade Dress—and spent more than $300 million promoting those products in the United States. SMF, ¶¶ 16-17. Further, "[t]he consuming public has come to recognize the ENERGIZER Trade Dress as used by Energizer, and to associate and identify the goods and services offered and sold under the ENERGIZER Trade Dress exclusively with Energizer." *Id.*, ¶ 18. Thus, as Defendants admitted, "[t]he ENERGIZER Trade Dress is distinctive, inherently and by having acquired distinctiveness, and is not functional." *Id.*, ¶ 15.

### 2.     The ENERGIZER Beam Trademarks Are Protectable.

Defendants also admitted the protectability of the Beam Trademarks, which are incorporated in the ENERGIZER Trade Dress, appearing in two Energizer trademark registrations:

---

Deceptive Business Practices Act. *See KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014).

 

SMF, ¶13. In addition, registration under the Lanham Act affords the registrant a rebuttable presumption of validity. *Coach, Inc.*, 2012 WL 6049722, at *4. Defendants admitted that "Energizer is the owner of [U.S. Trademark No. 4280047 and U.S. Trademark No. 4251701] for batteries and battery chargers in International Class 9," SMF, ¶¶ 21-25, and that those federal registrations are "valid, subsisting, and in full force and effect." *Id.* Thus, Energizer has established that the Beam Trademarks are protectable. *See Coach, Inc.*, 2012 WL 6049722, at *4 (by failing to respond to requests for admission, defendant conceded plaintiff owned registrations).

### B. Defendants' Packaging Is Likely to Cause Confusion Constituting Trade Dress Infringement and Trademark Infringement.

In assessing likelihood of confusion for a trade dress or trademark claim, the factors to be considered include: (1) the similarity of the trade dresses or trademarks; (2) the products to which the trade dresses or trademarks are attached; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's trade dress or trademark; (6) any actual confusion; and (7) intent on the part of the alleged infringer to pass off the infringer's goods as those of the plaintiff. *Badger Meter*, 13 F.3d at 1151 (trade dress); *CAE, Inc.*, 267 F.3d at 674 (trademark). The issue of likelihood of confusion may be determined on summary judgment when, as here, "the evidence is so one-sided that there can be no doubt about how the question should be answered." *Coach, Inc.*, 2012 WL 6049722, at *4. A review of the factors in this case indicates that confusion is likely as to both trade dress and trademark infringement.

### 1.     The Parties' Trade Dresses and Trademarks are Similar.

In comparing two trade dresses or trademarks, the "total impression" should be considered. *Howw Mfg., Inc. v. Formac, Inc.*, 78-C-5047, 1981 WL 48200, at \*3 (N.D. Ill. Jul. 13, 1981) (similarity determined by "total impression," not by whether defendant's packaging imitates plaintiff's packaging in every detail); *Coach, Inc.*, 2012 WL 6049722, at \*5 ("To determine whether two marks are similar, we view the marks as a whole."). The "close similarity between the parties' trade dresses in side-by-side comparison is [] a factor to be considered in evaluating the likelihood of confusion." *Computer Care v. Service Sys. Enters., Inc.*, 982 F.2d 1063, 1070 (7th Cir. 1992) (internal quotation marks and citation omitted); *see also Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 937 (7th Cir. 1989) ("where the trade dress relates to the same products which are sold side by side in retail channels, a direct visual comparison is appropriate[.]"). A visual inspection makes clear that Defendants' packaging is highly similar to the distinctive ENERGIZER Trade Dress and that Defendants' beam trademarks are highly similar to Energizer's Beam Trademarks:

  

Beyond a visual inspection, Defendants admitted that their packaging contains elements substantially similar to the ENERGIZER Trade Dress and Energizer's Beam Trademarks. SMF, ¶ 47. This undisputed fact supports summary judgment. *See Coach, Inc.*, 2012 WL 6049722, at \*5 (marks found similar where plaintiffs did not even produce photographs of defendant's products

because failure to respond to request for admissions amounted to concession).

### 2.    The Parties Both Sell Batteries.

To determine whether the products are similar, the accurate inquiry is "whether the public is likely to attribute the products and services to a single source." *CAE, Inc.*, 267 F.3d at 679. "Closely related products are those that would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner." *Id.* (quotations and citations omitted).  It is plain, undisputed, and admitted that both parties sell batteries. SMF, ¶¶ 17, 45.

### 3.    The Area and Concurrent Use of the Parties' Trade Dress Overlaps.

The relevant analysis with regard to this factor is "whether there is a relationship in use, promotion, distribution, or sales between the goods or services of the parties." *CAE, Inc.*, 267 at 681. It is undisputed that the parties' use overlaps.  Like Energizer, Defendants sell batteries online and in brick-and-mortar retail stores. SMF, ¶ 45. Both parties' batteries are sold on Amazon. ECF 1, Ex. 3.

### 4.    Consumers are Likely to Exercise a Low Degree of Care.

"Still another reason to expect confusion is that both [parties' products] are inexpensive. . ." *Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 739 (7th Cir. 2013). Indeed, "the more widely accessible and inexpensive the products [], the more likely that consumers will exercise a lesser degree of care and discrimination in their purchases." *Coach, Inc.*, 2012 WL 6049722, at *6.  It is undisputed that the parties' batteries are relatively inexpensive.  For example, both parties' batteries are sold on Amazon.com for under $10. ECF 1, Ex 3. As a result of the products' relatively low cost, consumers are unlikely to exercise a high degree of care in making

9

purchasing decisions and confusion is more likely. *Kraft Foods*, 735 F.3d at 739.

### 5. Energizer's Trade Dress is Strong.

Trademark strength is determined in part by whether the mark is distinctive. *CAE, Inc.*, 267 F.3d at 684. The ENERGIZER Trade Dress, which incorporates Energizer's Beam Trademarks, is distinctive. SMF, ¶¶ 13,15. Energizer has sold billions of batteries under the ENERGIZER Trade Dress and Beam Trademarks, and spent hundreds of millions of dollars promoting those batteries. *Id.*, ¶¶ 16-17. Based on those undeniable (and undenied) facts, the strength of Energizer's Trade Dress "is strongly evidenced by the amount and manner [Energizer] has promoted [its batteries] and the volume of sales it has consistently received." *See Storck USA, L.P. v. Farley Candy Co., Inc.*, 797 F. Supp. 1399, 1409 (N.D. Ill. 1992).

### 6. Actual Confusion is Not Required.

Because evidence of actual confusion is difficult to obtain, such evidence is not required to establish trade dress or trademark protection. *See, e.g., Computer Care*, 982 F.2d at 1070 (plaintiff "is not required to show actual consumer confusion"); *Roulo*, 886 F.2d at 938 (upholding jury verdict for plaintiff "even absent the difficult-to-acquire evidence of actual confusion"); *CAE, Inc.*, 267 F.3d at 685 (same). Accordingly, the absence of evidence of actual confusion has no substantial impact on the likelihood of confusion inquiry.

### 7. Defendants' Intent is Admitted.

A finding of intent to deceive or confuse is not required to establish liability for trade dress or trademark infringement, but the factor is relevant if a defendant acts with the intent to palm off their products as those of another. *Coach, Inc.*, 2012 WL 6049722, at *7. A bad-faith intent to copy can be discerned through the high degree of similarity in the appearance of two products. *See*

10

*Roulo*, 886 F.2d at 937 (given the "myriad of artistic expressions" available for a greeting card, near identity in appearance to another was "strong evidence of copying"). Here, the overwhelming (and admitted) packaging similarities establish Defendants' bad faith intent.

Beyond the packaging similarities, Defendants admit that they "knowingly, willfully, intentionally, and maliciously made and continue to use the Unlawful Packaging to exploit the commercial magnetism of the ENERGIZER Trade Dress and falsely suggest its products are made, sponsored, or endorsed by Energizer." SMF, ¶ 67. Defendants also admit to otherwise attempting to mislead consumers into believing that their batteries are associated with Energizer. *Id.* For example, a search on Amazon.com for "Energizer 1.5v AG3" returns a result for Defendants' product above any Energizer results. ECF 1, Ex. 3. These facts—admitted and otherwise—establish bad-faith intent. *See Coach, Inc.*, 2012 WL 6049722, at *7 (defendants admitted intent by failing to respond to requests for admission).

### 8. Based on the Relevant Factors, Confusion is Likely.

As in *Coach*, "[t]he undisputed evidence in this case is so one-sided that there can be no doubt about how the question should be answered." *Id.* at *10. Based on the black-letter law and factors, confusion is likely, and no reasonable juror could conclude otherwise. Indeed, Defendants have admitted to infringing Energizer's trade dress and trademark. SMF, ¶¶ 50-51. Therefore, Energizer is entitled to summary judgment on these claims.

## V.  THE COURT SHOULD GRANT SUMMARY JUDGMENT TO ENERGIZER ON ITS COPYRIGHT INFRINGEMENT CLAIM.

A claim of copyright infringement is established upon a showing of "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). As to the first element, "[a]

certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the validity of a copyright." *Id.* Defendants admitted that Energizer owns nine copyright registrations for the Beam Designs, and that each of one is "valid, subsisting, and in full force and effect." SMF, ¶¶ 26-43. Accordingly, the first element has been established.

As to the second element, "[c]opying may be proven by direct evidence, but that is often hard to come by." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007). "In the alternative, copying may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Id.* (citations and quotations omitted). "The test for substantial similarity is an objective one . . . we look at whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Id.* at 916 (citations and quotations omitted). Here, Defendants conceded both that they had access and that the works are substantially similar. SMF, ¶¶ 63-64. Defendants also admitted they "are infringing Energizer's copyrighted Beam Designs by making unauthorized use of the Beam Designs or substantially similar designs." *Id.*, ¶ 65.

## VI. THE COURT SHOULD GRANT INJUNCTIVE RELIEF TO ENERGIZER, AND AWARD COPYRIGHT ACT STATUTORY DAMAGES AND ENERGIZER'S REASONABLE ATTORNEYS' FEES AND COSTS.

Energizer seeks injunctive relief, statutory damages under the Copyright Act, and its reasonable attorneys' fees and costs. Each of these remedies is authorized and warranted.

### A. Injunctive Relief is Expressly Authorized and Warranted.

Injunctive relief is expressly authorized for trade dress or trademark infringement under 15 U.S.C. § 1116. When there is a likelihood of confusion, injunctive relief is an appropriate remedy.

12

*See, e.g.*, *Am. Nat'l Ins. Co. v. Am. Nat'l Inv. Advisors, LLC*, No. 11-CV-4016, 2014 WL 6613342, at *20 (N.D. Ill. Nov. 21, 2014). Because a likelihood of confusion has been established, Defendants should be enjoined from using their unlawful packaging and any other trade dress or trademark confusingly similar to the ENERGIZER Trade Dress or Energizer's Beam Trademarks.[2]

To obtain a permanent injunction, Energizer must show: (1) actual success on the merits; (2) that it does not have an adequate remedy at law or will suffer irreparable harm without an injunction; (3) the balance of the harms between the parties favors entering the injunction; and (4) entry of the injunction will not harm the public interest. *Ryan Beck & Co. v. Campbell*, No. 02 C 7016, 2003 WL 22282380, at *2 (N.D. Ill. Oct. 2, 2003). As discussed above, Defendants admit infringing Energizer's trade dress and trademarks. SMF, ¶ 50. Thus, the first factor is satisfied.

As to the second factor, Defendants admit and the undisputed facts indicate that, absent a permanent injunction, Energizer will suffer irreparable harm. Specifically, Defendants admit that "[t]he likelihood of confusion, mistake, and deception engendered by Defendants' use of packaging that contains elements substantially similar to the ENERGIZER Trade Dress is causing irreparable harm to the goodwill symbolized by the ENERGIZER Trade Dress and the reputation for quality that it embodies." SMF, ¶ 48.

As to the third element, the balance of the harms favors Energizer because enjoining Defendants only will stop them from willful wrongdoing. Because Defendants admit that "[t]he batteries sold by Defendants are of lesser quality than the batteries sold under the ENERGIZER Trade Dress," Energizer would be particularly harmed by the ongoing use of Defendants'

---

[2] Energizer also requests that Defendants destroy any labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the infringing packaging. *See* Motion for Summary Judgment, filed contemporaneously with this memorandum.

packaging. *See id.*, ¶ 46. Finally, an injunction will not harm the public interest. To the contrary, Defendants admitted that their conduct is causing irreparable harm to the public. *Id.*, ¶ 49. Accordingly, an injunction prohibiting such conduct would *benefit* the public interest.

## B. Statutory Damages under the Copyright Act are Expressly Authorized and Warranted.

Because Defendants infringed Energizer's registered copyrights, Defendants are liable for statutory damages. *See* 17 U.S.C. § 504(a) ("an infringer of copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer . . .; or (2) statutory damages, as provided by subsection (c)"); *see also PHE, Inc. v. Does 1-122*, No. 13-CV-786, 2014 WL 1856755, at *2 (N.D. Ill. May 7, 2014) ("Under Section 504 of the Copyright Act, a plaintiff may elect, at any time before final judgment is rendered, to recover statutory damages instead of actual damages."). For non-willful infringement, statutory damages should be awarded per work infringed in the "sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). On the other hand, "[w]here the plaintiff carries his burden of proving that the infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *PHE, Inc.*, 2014 WL 1856755, at *2.

It is undisputed that Defendants infringed Energizer's copyrighted Beam Designs by making unauthorized use of the Beam Designs or substantially similar designs. SMF, ¶ 64. Moreover, Defendants admit that their "actions have been willful, knowing, and intentional." *Id.*, ¶ 68. Based on Defendant's willful infringement, Energizer requests a statutory damages award of $1,350,000, which is $150,000 for each of the nine Energizer copyrights infringed.

## C. Attorneys' Fees and Costs are Expressly Authorized and Warranted.

Energizer is entitled to recover its reasonable attorneys' fees because this is an "exceptional

case" under the Lanham Act. 15 U.S.C. § 1117(a). An exceptional case "is one in which the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *NuPulse, Inc. v. Schlueter Co.*, 853 F.2d 545, 547 (7th Cir. 1988) (citation and quotations omitted); *see also BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994); *Tony Jones Apparel, Inc. v. Indigo USA LLC*, No. 03 C 0280, 2005 WL 1667789, at *9 (N.D. Ill. July 11, 2005).

Energizer also is entitled to attorneys' fees under the Copyright Act. *See, e.g., McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 571 (7th Cir. 2003) (affirming fees award under Section 505 based on consideration of "such non-exclusive factors as frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence") (internal quotation marks and citation omitted).

The undisputed facts demonstrate deliberate and willful infringement, including Defendants' knowing, willful, intentional, and malicious conduct intended to exploit the commercial magnetism of Energizer's intellectual property and to attempt to mislead consumers. SMF, ¶ 67. Thus, Energizer is entitled to its reasonable attorneys' fees. Should the Court so determine, Energizer requests leave to submit a formal petition outlining the amount of attorneys' fees.

## VII.  CONCLUSION

For the foregoing reasons, Energizer respectfully requests that the Court grant Energizer's Motion for Summary Judgment and provide relief as set forth in the Motion.

Respectfully Submitted,

*/s/ William H. Brewster*
William H. Brewster
*Attorney for Plaintiff*

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENERGIZER BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:16-cv-04368-MSH |
| CAMELION BATTERY CO. LTD., | ) | |
| CAMELION BATTERY COMPANY, INC., | ) | **JURY TRIAL DEMANDED** |
| CAMELION HOLDINGS (USA), INC., | ) | |
| CAMELION HOLDINGS, LLC, and | ) | |
| BATTERIES AND THINGS INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of PLAINTIFF'S

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

were filed electronically using the CM/ECF system on March 23, 2017, which automatically

notifies and effects service on all counsel of record for Defendants, who are deemed to have

consented to electronic service via the Court's CM/ECF system per L.R. 5.9.

*/s/ William H. Brewster*
_____
William H. Brewster
*Attorney for Plaintiff*

16