UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ENERGIZER BRANDS, LLC,

        Plaintiff,

  v.

CAMELION BATTERY CO. LTD., et al.,

        Defendants.

No. 16 CV 4368

Judge Manish S. Shah

### ORDER

    Plaintiff's motion for summary judgment [34] is granted. Enter judgment in favor of plaintiff, in the amount of $900,000 in statutory damages, and enter permanent injunction. Plaintiff's motion to compel [38] is denied as moot. Plaintiff may submit a petition for attorneys' fees using the procedure provided by Local Rule 54.3. Terminate civil case.

### STATEMENT

    Plaintiff Energizer Brands registered trademarks and related copyrights for use in packaging their battery products. Their products (using the trademarks and copyrighted works) feature a "Beam Design" with a bright curved line:



Defendants sell competing batteries in packaging that looks like this:



Energizer filed suit against defendants, bringing federal claims of trade-dress, trademark, and copyright infringement, along with corresponding state-law claims for deceptive and unfair practices. Defendants failed to produce any information in discovery, and did not respond to plaintiff's requests for admission (Fed. R. Civ. P. 36). Energizer moved for summary judgment. Defendants did not timely respond and did not comply with Local Rule 56.1. They submitted some declarations with their late attempt to oppose summary judgment, but they offered no explanation for their failure to comply with discovery, Rule 36, or Local Rule 56.1. In effect, defendants have not opposed this litigation.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The failure to respond to requests for admissions of facts, the application of law to fact, or opinions about either results in those matters being deemed admitted. Fed. R. Civ. P. 36(a), (b). The failure to respond to a Local Rule 56.1 statement of facts also results in the admission of those facts. LR 56.1(b)(3)(C); *see also Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). Energizer's assertions are supported by admissible evidence in the form of the Rule 36 admissions, and I decline to consider defendants' declarations. The facts asserted in the declarations were not properly disclosed during discovery, Energizer would be prejudiced (because they relied on the application of the rules and the discovery schedule) if I permitted defendants to undermine their admissions through a non-compliant opposition to summary judgment, and defendants have offered no excuse for their failures to comply (even though I extended the discovery schedule to accommodate the challenges of representing overseas clients).

As a result, defendants admit that Energizer's products depicted above contain protectable trade dress, trademarks, and copyrights, and that defendants have willfully infringed all of this intellectual property. [34-8] ¶¶ 10–15, 21–43, 50–51, 63–65.* They admit that their competing products are of inferior quality and are confusingly and substantially similar to the protected works. *Id.* ¶¶ 45–47. They admit that their conduct is likely to confuse consumers and they acted willfully to mislead consumers and prey on the likely association with Energizer's products. *Id.* ¶¶ 54–55, 67–70. Defendants have sold and offered for sale infringing works in the United States through a website and in retail outlets. *Id.* ¶¶ 44–45.

---

* Bracketed numbers refer to entries on the district court docket.

All of this satisfies every element of Energizer's claims. *See Syndicate Sales, Inc. v. Hampshire Paper Corp.*, 192 F.3d 633, 636 (7th Cir. 1999) (trade dress); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001) (trademark); *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016), cert. denied, 137 S. Ct. 681 (2017) (copyright); *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993) (Illinois unfair competition claim mirrors federal infringement); *KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014) (state-law claims involve same elements and proofs as federal Lanham Act claims). Energizer is entitled to judgment as a matter of law.

Permanent injunctive relief is appropriate because plaintiff has succeeded on the merits, defendants have admittedly caused irreparable harm to Energizer ([34-8] ¶¶ 56–58), they caused consumer confusion, and honoring the intellectual property rights of plaintiff will cause no harm to defendants (following the law is not a burden on defendants)—the balance of harms favors Energizer, and an injunction will serve the public interest by eliminating consumer confusion. The confusion caused by the inferior goods on the market harms the intangible goodwill of plaintiff and cannot be remedied through money damages. Defendants must refrain from using imitations of the beam design and must recall the infringing packaging—its presence in the market contributes to consumer confusion, which is the very harm intended to be avoided by this kind of intellectual-property protection.

The infringed works involve nine copyrights in artistic variations on the beam design. [34-8] ¶¶ 26–43; [1] ¶ 20. Energizer seeks the maximum statutory damages for willful copyright infringement, $150,000 per copyright, or $1,350,000. *See* 17 U.S.C. § 504(c). Defendants' infringement was admittedly willful, but I conclude that the maximum amount is not an appropriate award. The colors of the infringing works are not quite the same as in the copyrighted works, and I conclude that the maximum amount of damages should be reserved for the most egregious forms of infringement. Nevertheless, it is important to impose statutory damages in an amount sufficient to deter this kind of intentional infringement. *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). I award $100,000 per copyrighted work, or $900,000. In addition, plaintiff may recover reasonable attorneys' fees because the defendants' infringement was willful, intentional, and objectively unreasonable—as demonstrated by their general failure to oppose the lawsuit. *See* 15 U.S.C. § 1117(a); 17 U.S.C. § 505; *JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339, 341 (7th Cir. 2007); *TE-TA-MA Truth Found.-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 257 (7th Cir. 2004) (exceptional cases under Lanham Act include cases of willful infringement).

   The Clerk shall enter judgment in favor of plaintiff.

ENTER:

Date: October 10, 2017         /s/ Manish S. Shah
                    Manish S. Shah
                    U.S. District Judge